Wm. H. McElroy }
vs. } No. 73917.
Hamilton & Blanding, Inc. }

April 17, 1929.

CAPOTOSTO, J. The plaintiff claimed to have been deceived in the sale of an automobile. The jury returned a verdict in his favor in the sum of $448.75. The defendant moves for a new trial.

The dispute between the parties simmers down to a question of veracity between the plaintiff, McElroy and the principal witness for the defendant, Lloyd A. Greene. The plaintiff contends that he was told and from all appearances thought he was buying a new car; Greene insists that he made known to McElroy the fact that the car he was getting "had been used as a demonstrator." The car was actually financed as a new car. The speedometer at the time of the sale registered 189 miles. As a matter of fact the car in question had been used by a salesman of the defendant for some appreciable time and had been run from between 1200 to 2500 miles.

The defendant sought to escape liability by stating that it had sold the plaintiff a "demonstrator" and that the car which the plaintiff got was a car that had been used rather than a used car.

Whatever verbal gymnastics may be

108

employed, the fact remains that the plaintiff, if his testimony as to what representations were made at the time of sale is believed, received a used car and not a new car. Even if the word "demonstrator" was brought to the plaintiff's attention, the amount of demonstrating which had been done with the car was limited to the reading of the speedometer at the time the sale was concluded. A buyer might well believe that a car run 189 miles as a demonstrator was in fact a new car. He would have an entirely different view had he been told that the car had been run 2500 miles or even 1200 miles. The reading of the speedometer at the time of sale was a positive representative of fact, which the seller knew was untrue and which it did not explain to the innocent buyer.

The demeanor of the witness Greene while on the witness stand was unappealing. It lacked the tone of conservatism and restraint which carries conviction. He was probably just as over anxious to convince his listeners at the trial as he had been to make the sale. Counsel for the defendant did everything possible to protect the name of an honorable firm which had to suffer for the incautious act of an agent.

Motion for new trial denied.

For plaintiff: Tillinghast & Lynch.

For defendant: Littlefield, Otis & Knowles.